UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

ROBERTA M. R.,                  )
                                )
           Plaintiff            )
                                )
v.                              )    No. 1:18-cv-00036-JHR
                                )
NANCY A. BERRYHILL,             )
Acting Commissioner of Social Security, )
                                )
           Defendant            )

## MEMORANDUM DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing her past work as a cleaner. The plaintiff seeks remand on the basis that, among other things, the ALJ erred in assessing the impact of her irritable bowel syndrome ("IBS"), undermining both his determination of her residual functional capacity ("RFC") and his finding that she retained the RFC to return to past relevant work as a cleaner. *See* Statement of Specific Errors ("Statement of Errors") (ECF No. 13) at 7-14. I agree and, accordingly, vacate the ALJ's decision and remand this case for further proceedings consistent herewith. I need not and do not reach the plaintiff's remaining points of error.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 16.

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through March 31, 2016, Finding 1, Record at 12; that she had the severe impairments of anxiety disorder that is associated with IBS symptoms, and affective disorder, Finding 3, *id*.; that she had the RFC to perform a full range of work at all exertional levels with the non-exertional limitations that she could perform simple tasks, not interact with the public aside from incidental contact, occasionally interact with supervisors and coworkers but perform no team or tandem collaborative-type work with coworkers, make simple decisions, and adapt to no more than occasional changes in the routine work setting, Finding 5, *id*. at 15; that she was capable of performing past relevant work as a cleaner, Finding 6, *id*. at 22; and that she, therefore, had not been disabled from June 1, 2011, her alleged onset date of disability, through February 1, 2017, the date of the decision, Finding 7, *id*. at 23. The Appeals Council declined to review the decision, *id*. at 1-3, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 4 of the sequential evaluation process, at which stage the claimant bears the burden of proving inability to return to past relevant work. 20 C.F.R. §§ 404.1520(f),

416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). At this step, the commissioner must make findings of the plaintiff's RFC and the physical and mental demands of past work and determine whether the plaintiff's RFC would permit performance of that work. 20 C.F.R. §§ 404.1520(f), 416.920(f); Social Security Ruling 82-62 ("SSR 82-62"), reprinted in *West's Social Security Reporting Service* Rulings 1975-1982, at 813.

## I. Discussion

As the plaintiff observes, *see* Statement of Errors at 14, the ALJ's evaluation of her IBS condition is unclear. He found that she had severe impairments of anxiety disorder "that is associated with irritable bowel syndrome (IBS) symptoms," and affective disorder, *see* Finding 3, Record at 12, which he noted "significantly limit[ed] [her] ability to perform basic work activities[,]" *id*. at 13. Yet, he elsewhere referenced evidence that "suggest[ed] that [her] IBS condition is not significantly limiting[,]" *id*. at 17, and assessed no functional limitations attributable to her IBS, Finding 5, *id*. at 15. Further confusing the record, while the ALJ apparently did not find a standalone severe impairment of IBS at Step 2, *see* Finding 3, Record at 12, he effectively treated the condition as severe. At Step 3, he considered whether the plaintiff's impairments met Listings 5.06 (inflammatory bowel disease) or 5.08 (weight loss due to any digestive disorder), *see id*. at 13-14, and at Step 4, he acknowledged that the plaintiff alleged that she was unable to return to work because of "ongoing anxiety and IBS issues" and summarized the record evidence concerning her IBS, *see id*. at 16-20.

At oral argument, counsel for the commissioner contended that, in determining the plaintiff's RFC, the ALJ supportably found that her IBS imposed no functional limitations or, in the alternative, impliedly found that any need for bathroom breaks could be accommodated during standard work breaks (every two hours). He argued that, to the extent that the ALJ elicited testimony from a vocational expert ("VE") predicated on a need for any greater number of breaks,

3

he made no finding that the plaintiff required such breaks but, rather, simply posited hypothetical questions that gave her the benefit of the doubt.

Finally, commissioner's counsel asserted that any error is harmless because the plaintiff identifies no evidence, besides her testimony, that she had greater limitations than found by the ALJ, and she does not separately challenge his partial discrediting of that testimony. For that proposition, he cited *Courtney v. Colvin*, Civil No. 2:13-cv-72-DBH, 2014 WL 320234 (D. Me. Jan. 29, 2014), and *Crocker v. Soc. Sec. Admin. Comm'r*, No. 1:09-cv-459-JAW, 2010 WL 3274509 (D. Me. Aug. 16, 2010) (rec. dec., *aff'd* Sept. 23, 2010). *See also* Defendant's Opposition to Plaintiff's Statement of Specific Errors ("Opposition") (ECF No. 14) at 11-12.

As a threshold matter, the ALJ in this case failed to make clear his critical predicate finding. While he explained that the record did "not support the [plaintiff]'s alleged need for excessive bathroom breaks[,]" Record at 18, he made conflicting statements as to whether she had other IBS-related functional limitations. Most troublingly, in summarizing his findings as to the plaintiff's RFC, he expressly stated that she had been "diagnosed with IBS, anxiety and depression *that result[ed] in several non-exertional functional limitations*." *Id*. at 20 (emphasis added). Yet, he neither included IBS-related limitations in his RFC determination nor explained why he did not. The court, accordingly, cannot discern whether the omission of such limitations was an oversight or the product of a considered choice.

While courts overlook an "arguable deficiency in opinion-writing technique" if not outcome-determinative, *see Bryant ex rel. Bryant v. Apfel*, 141 F.3d 1249, 1252 (8th Cir. 1998) (citation and internal punctuation omitted), reversal and remand are warranted when failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable analytical pathway, *see, e.g.*, *Nguyen v. Chater*,

4

172 F.3d 31, 35 (1st Cir. 1999) ("The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts.") (citations omitted). That is the case here.

As noted above, the commissioner challenges the materiality of any error on the basis that the plaintiff fails to point to evidence besides her own testimony that she had greater limitations than found by the ALJ. *See* Opposition at 11-12. However, in this case, unlike in *Courtney* or *Crocker*, the ALJ did not make clear as a threshold matter what IBS-related limitations he found. *Compare Courtney*, 2014 WL 320234, at *2 (claimant contended that ALJ erred in finding his headache impairment severe but assessing no related limitations); *Crocker*, 2010 WL 3274509, at *2 (claimant contended that ALJ erred in finding no severe impairment of bipolar II disorder). A reviewing court does not reach the question of the harmfulness of error if the ALJ's predicate finding is itself unclear.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **VACATED**, and the case is **REMANDED** for proceedings consistent herewith.

Dated this 28th day of February, 2019.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge